## JOSEPH HUTCHINSON *vs.* THE COMMONWEALTH.

If an indictment for stealing, in a shop, property of a value not exceeding $ 100, do
not allege that the offence was committed in the day time, the defendant, on con-
viction, can be sentenced only for a simple larceny ; and a sentence for more than
one year's imprisonment will be reversed on a writ of error.

Where a convict brings two writs of error at the same time, one to reverse an original
judgment, and the other to reverse a sentence to additional punishment founded
on an information which sets forth such original judgment as one of the grounds of
such additional punishment; if the original judgment is reversed, the sentence
on the information falls with it, and will also be reversed, if the error assigned be
a matter of mere law, apparent on the record, although the original judgment
was in full force when the writ of error was brought to reverse the sentence on
the information.

SHAW, C. J. The prisoner sued out two writs of error,
returnable at the same time, to reverse two different judgments
against him. In the first, he was indicted .for stealing less than
$ 100 from a shop — the theft not being alleged to have been in
the day time — and was sentenced to two years and three days
imprisonment. As he could be sentenced for the simple larceny

only, as decided in *Hopkins* v. *The Commonwealth,* 3 Met. 460, this judgment was erroneous, and is now reversed.

The second is to reverse a judgment against the prisoner on an information, by which he was sentenced to an additional punishment as a second comer to the state prison. One of the judgments, set forth in the information, and relied upon to sustain it, was the foregoing judgment now reversed, which however was in force when this writ of error was brought. The only question which can be raised is, as the above judgment was in full force, when this writ of error was sued out, and has remained so, till this day reversed, whether this judgment can be reversed on this writ. As the error depends upon mere matter of law on the record, and as the record and the parties are now before us, we are of opinion that since the first judgment is reversed, the second judgment, which was in legal effect a mere award of further punishment on that conviction, falls with it. If the writ relied upon were error in fact, to be traversed and tried, it might perhaps be more plausibly insisted, that it must depend upon the facts, as they existed at the time of suing out the writ or of assigning errors ; but of this we give no opinion. It is now apparent, upon the whole record, that the judgment is erroneous.

*Judgment reversed.*

*G. Bemis,* for the plaintiff in error.

*Austin,* (Attorney General,) for the Commonwealth.